Shaw C. J.
afterward drew up the opinion of the Court. A preliminary question raised by the defendants in the present ■sase is entitled to some consideration, which is, whether parol evidence of the choice of directors of the defendant corporation, and of the acts and doings of such directors, after the failure and refusal of the corporation to produce their books upon notice, was rightly admitted. And the Court are clearly of opinion that it was.
The rule, that upon a trial of controverted facts the party having the custody and control of books, documents and papers, shall on notice produce them, and that on refusal to do •so, the adverse party may give evidence of their contents, and that all inferences from such secondary evidence shall be taken *335 most strongly against the party refusing to produce them, is a Highly reasonable and beneficial rule, tending to the discovery of the truth and to the promotion of honesty, frankness and fair dealing, and ought not to be shackled or obstructed by strict constructions or technical niceties.* [1] It is not enough therefore to found an objection, that the party in a particular case, might possibly prove the facts material to his case, in some other mode ; this is the regular and proper mode, and the party has a right to rely on it.
If these views are correct in regard to individuals, a fortiori are they so, in regard to corporations, who are bound to keep records, and whose solemn and formal acts are usually manifested by their records, or by some other writings. It has sometimes been held that a corporation can be bound by its records or corporate seal only, and it is insisted by the defendants in the present case, that they can be bound only by their records or written contracts. This is perhaps pressing the point too far, according to the rules which have been held in this Commonwealth since the great increase of corporations ;[1] but it tends to show that these records are the best evidence. The plaintiff was not bound to call any officer of the corporation to bring in the books ; such officer might be interested ; the secretary and indeed all the directors might have been changed, and yet the artificial body, the corporation, remained the same. The artificial person was in court by its attorney, and through such attorney was bound to take notice of all rules and orders, and to conform to them, like any other litigant party. Notice to the attorney then, bound the principal, and obliged the corporation to produce their books, whoever at the time might be its officers, or in whose custody soever the books might be. On failure to produce them upon this notice, the parol evidence was competent, and properly admitted.
But upon .the other ground, the Court are of opinion, that at the time when the fire took place, there was no complete con *336 tract of insurance between the parties, but only a negotiation, which had not resulted in a contract.
The proceedings at Concord, did not purport to be a contract ; a paper was drawn up purporting to be a proposal to be made by the plaintiff to the company, to be signed by him together with his note, and returned and filed in the office, whereupon a policy was to be made by the secretary and sent to the plaintiff. This took place on the 15th of January, and the policy was to be made out as of the 16th. This would seem to imply that the proposal was to be returned with the note immediately. But in fact, the plaintiff did not sign these papers till the 28th, when they were signed and handed back to Harrington, who was postmaster, to forward to the company at Concord ; the fire took place on the 31st, but the proposal and note were not mailed and forwarded till the 3d of February, four days after the fire.
In the first place, it seems to us quite clear, that the proceedings at Concord did not constitute a contract of insurance, and were not understood so to do. Harrington was authorized to inquire and ascertain the terms upon which the company would insure, but not to make insurance and bind his principal by contract. Until he had stated to bis principal what these terms would be and he had assented to them, he was under no obligation. The same is implied by Harrington’s taking home a blank proposal; this the plaintiff was at liberty to sign or not as he pleased. It seems to us clear, therefore, .that no contract of insurance was then made.
But the principal ground relied upon by the plaintiff is, that the proceedings of Brooks and the directors at Concord on the 15th of January, were an offer, and that when assented to by the plaintiff, they constituted a contract.
But we think the facts, as they appear in the judge’s report, do not warrant this proposition. If this was to be regarded as an offer, it was to be acceded- to or rejected within a reasonable time, and before any material change of circumstances. As the supposed offer was made on Monday the 15th, and the intimation was that the policy should be made as of Tuesday the 16th, it would seem that an immediate return of the proposal with notice of the plaintiff’s acceptance of the defendants’ *337 offer was expected. But if notice by mail was contemplated, there was a mail on Saturday the 20th and Saturday the 27th, by neither of which was notice forwarded, nor was it forwarded till the mail of Saturday the 3d of February. Even if no essential change of circumstances had taken place, it would be extremely difficult to hold that the defendants would be bound by simple notice of the assent of the plaintiff to their offer, after such a lapse of time. If however the case rested solely upon the ground that the notice of acceptance of the defendants’ offer, on the part of the plaintiff, was not given within a reasonable time, it would deserve further consideration;[1] but we think it does not rest solely or mainly upon that ground.
But we are of opinion, that supposing the proceeding at Concord constituted an offer on the part of the company, which continued binding notwithstanding the delay of the plaintiff in acceding to it, still that it had not been acceded to when the loss happened, and of course that there was no contract of insurance then subsisting between the parties.
If the act of the defendants amounted to an offer, that offer would not be matured into a complete and effectual contract until it was acceded to by the plaintiff, and notice thereof giv en to the defendants, either actual or constructive. The proposal and note were not signed till the 28th, and were then delivered back to Harrington, who was the plaintiff’s agent, and who was also postmaster. They remained in his custody, subject to the control of the plaintiff himself, until Saturday the 3d of February, when Harrington enclosed them to Brooks, to be forwarded to Concord. This we think cannot be considered as constructive notice to the defendants, until the papers were enclosed and forwarded, which was after the loss. It may well be conceded, that where notice is to be given by mail, a notice actually put into the mail, especially if forwarded and beyond the control or revocation of the party sending it, *338 may be good notice. But where the party’s own agent hap-PeDe<^ t0 be postmaster and the notice and proposal were not enclosed and put into the mail till after a loss, the delivery to such postmaster cannot be deemed notice to the defendants. At the time when the fire happened and the loss occurred, we think the matter rested in proposal only; that there was no complete contract; and therefore that the plaintiff is not entitled to recover.
Upon the question whether the offer of the defendants was substantially complied with, the blank in the proposal, for inserting the value, not being filled up, whether the directors could bind the company, in a contract of insurance, otherwise than by a policy, and several questions upon the delegated and limited powers of the directors, as conferred and qualified by the particular provisions of the act of incorporation, we do not find it necessary to give an opinion ; proceeding upon the ground, that upon general principles, and as between parties having a general power to contract and bound to conform to no particular form of contract, there was no such offer on one side and assent thereto and notice thereof on the other, as by law are required to constitute an agreement or contract, until after such a change of circumstances by the destruction and loss of the subject matter, as must necessarily be considered a revocation of all offers and proposals on the subject.

New trial granted.

 See Life & Fire Ins. Co. v. The Mechanic Fire Ins. Co. 7 Wendell, 31, 33, 34; Symington v. M' Lin, 1 Dev. & Batt 291, 298; Cooper v. Gibbons, 3 Campb. 363; Jackson v. M‘Vey, 18 Johns. R. 330.

 See 1 Metcalf & Perkins’s Dig., tit. Corporation, art. VI, and cases cited.

 A willingness to enter into the agreement, by the party offering, is presumed to continue for the time limited, and if that time be not fixed by the offer, then until it is expressly revoked, or counteracted by a contrary presumption. Mactier v. Frith, 6 Wendell, 103. But the offer must be accepted within a reasonable time. Peru v Turner, 1 Fairfield, 185. See Chiles v. Nelson, 7 Dana, 281.